Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, California 92101
Tel:(619) 272-7014
Facsimile:(619) 330-1819

Attorneys for Plaintiff, PAIGE HERNANDEZ and
the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE HERNANDEZ, an individual on behalf of herself and all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| PLAINTIFF | |
| v. | |
| EDGEWELL PERSONAL CARE, LLC; EDGEWELL PERSONAL CARE BRANDS, LLC; and DOES 1 through 25, inclusive. | JURY TRIAL DEMANDED |
| DEFENDANTS. | |

1

**COMPLAINT**

COMES NOW PLAINTIFF, PAIGE HERNANDEZ, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff, PAIGE HERNANDEZ ("Plaintiff") brings this action on behalf of herself and all others similarly situated against DEFENDANTS, EDGEWELL PERSONAL CARE, LLC and EDGEWELL PERSONAL CARE BRANDS, LLC

The allegations in this Complaint, other than those with respect to Plaintiff, PAIGE HERNANDEZ, are stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF ACTION

1.     Plaintiff, Paige Hernandez ("Plaintiff") files this class action lawsuit on behalf of herself and all similarly situated persons who purchased "Banana Boat Natural Reflect" products branded by EDGEWELL PERSONAL CARE, LLC and EDGEWELL PERSONAL CARE BRANDS, LLC, shall be commonly known as "DEFENDANTS".

2.     Plaintiff brings this action on behalf of herself and a California and Nationwide proposed class of purchasers of DEFENDANTS for violations of California Consumer Legal Remedies Act, California False Advertising Law, breach of express warranty, unjust enrichment, fraud, negligent misrepresentation, and California Unfair Competition Law.  Plaintiff and class members purchased DEFENDANTS'S Products relying on such advertising, labeling, and statements: "Natural" and "100% naturally sourced sunscreens".

## PARTIES

3.     Plaintiff, PAIGE HERNANDEZ ("Plaintiff "), is a citizen of California, who resides in the County of Orange County.

2

**COMPLAINT**

4.   Plaintiff altered her position in an amount equal to the amount she paid for DEFENDANTS' Products (as defined below).

5.   DEFENDANT, EDGEWELL PERSONAL CARE, LLC is a Delaware limited company with its principal place of business at 6 Shelton Drive, Shelton, CT 06484.  DEFENDANT, EDGEWELL PERSONAL CARE BRANDS, LLC is a Delaware limited company with its principal place of business at 6 Shelton Drive, Shelton, CT 06484.  Collectively, the defendants are referred to as "DEFENDANTS".

6.   DEFENDANTS' Products contain false and misleading claims that are the subject of the instant lawsuit. DEFENDANTS is the owner, manufacturer, packager, and/or a distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products that claim it is natural or contains natural ingredients.

7.   That the true names and capacities, whether individual, corporate, associate or otherwise of each of the DEFENDANTS designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said DEFENDANTS by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the DEFENDANTS designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.  On information and belief, Plaintiff alleges that at all times herein mentioned, each of the DEFENDANTS was acting as the agent, servant or employee of the other DEFENDANTS and that during the times and places of the incident in question, DEFENDANTS and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to

3

**COMPLAINT**

sustain damages as set forth herein.  On information and belief, Plaintiff alleges that DEFENDANTS carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

8.     On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of the DEFENDANTS directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. DEFENDANTS's officers, directors, and high-level employees caused DEFENDANTS'S Products to be sold with knowledge or reckless disregard that the statements and representations concerning DEFENDANTS Products were false and misleading.

9.     Plaintiff is informed and believes, and thereon alleges, that each of said DEFENDANTS is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from DEFENDANTS.  This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11.     Pursuant to 28 U.S.C. §1391(a), venue is proper.  Plaintiff is a citizen of Orange County, California.  This Court has personal jurisdiction over DEFENDANTS because DEFENDANTS conduct business in California and otherwise intentionally avail themselves of the markets in California to render the exercise of jurisdiction by this Court

4

**COMPLAINT**

proper. DEFENDANTS has marketed, promoted, distributed, and sold the products in California and in this District where Plaintiff purchased DEFENDANTS's Products.

## FACTUAL BACKGROUND

12.    Plaintiff, PAIGE HERNANDEZ has purchased each of the Products (as herein defined below) from 2014 to 2015 Orange County and San Bernardino County from various retail stores including, but not limited to CVS.

13.    DEFENDANTS promote the brand Banana Boat "Natural Reflect", which is brand of skin care and cosmetic products sold in retail stores throughout the United States.  DEFENDANTS manufacture several sunscreen products that are promoted as "natural", but contain synthetic and/or artificial ingredients.  DEFENDANTS' falsely promote, advertises, and markets these various skin care Products (as defined below) as all natural and/or made with all natural ingredients.  Based on DEFENDANTS'S Products being labeled as "Natural" and "100% naturally sourced sunscreens".   Instead, the Products contain such synthetics and/or artificial ingredients such as Dimethicone PEG-8 Laurate; Glyceryl Stearate; Methicone; PEG-8; Lauryl PEG-8 Dimethicone; Tocopheryl Acetate; Dimethicone; Phenoxyethanol; and Caprylyl Glycol. In or about April 2016, the Federal Trade Commission ("FTC") filed complaints against cosmetics manufacturers for representing that their products were "natural" when they contained one or both of the two ingredients herein complained of. Four companies agreed to cease marketing the products in question as being "natural."[1]

14.    DEFENDANTS manufacture, produce, and market various skin care Products that are sold throughout the United States. DEFENDANTS' claim that the Products that are the subject of this action are DEFENDANTS' Products.

---

[1]  https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falselypromoting-

## COMPLAINT

15.    The products ("Products") that are the subject of this lawsuit with a corresponding list of unnatural (synthetic) ingredients include:

**a) Natural Reflect:**



their-personal-care

6

**COMPLAINT**

1

**b) Natural Reflect Baby:**

2



c) **Natural Reflect Kids:**

7

**Synthetic/Artificial Ingredients:**

    a) Dimethicone PEG-8 Laurate;

    b) Glyceryl Stearate;

    c) Methicone;

    d) PEG-8;

    e) Lauryl PEG-8 Dimethicone;

    f) Tocopheryl Acetate;

    g) Dimethicone;

    h) Phenoxyethanol; and

    i) Caprylyl Glycol;

16.    DEFENDANTS prominently displays "Natural" and "100% naturally sourced sunscreens" on the face of its Products. DEFENDANTS enhances its "Natural" and "Natural" and "100% naturally sourced sunscreens" by its statement that is prominently displaying leaves and other insignia that promotes that it is natural and statements that it is "proven effective….skin damage". Throughout all of its advertising Plaintiff understood these representations to mean that Products did not contain synthetic or artificial chemicals. Plaintiff purchased the Products at a substantial price premium, and would not have bought the product had she known that the labeling she relied on was false, misleading, deceptive and unfair. Plaintiff would purchase the Products again in the future if Defendant changed the composition of the Products so that they conformed to their "natural" labeling and marketing.

17.    The phrase "Natural" and "100% naturally sourced sunscreens" are representations made by DEFENDANTS in advertising the Products to consumers that reasonable consumers believe contain only natural ingredients.

**COMPLAINT**

18.     DEFENDANTS knew that Plaintiff and consumers will pay more for a product labeled "Natural" and "100% naturally sourced sunscreens" and intended to deceive Plaintiff and putative class members by labeling the Products as purportedly natural products.  The phrases "Natural" and "100% naturally sourced sunscreens" are misleading to a reasonable consumer, because the Products actually contain artificial and synthetic ingredients.

19.     DEFENDANTS'S Products contain artificial or synthetic ingredients.  Each of the DEFENDANTS'S Products each contains synthetic/artificial ingredients as set forth herein above.

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

20.     In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to *California Business & Professions Code § 17200, et seq.*  The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting DEFENDANTS'S Products as natural, which requires the disgorgement of all profits and/or restoration of monies wrongfully obtained through DEFENDANTS'S unfair and deceptive business practices.  This private attorneys general action is necessary and appropriate because DEFENDANTS have engaged in wrongful acts described herein as part of the regular practice of their businesses.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

22.     The following Classes that Plaintiff seeks to represent are:

9

**COMPLAINT**

a. All persons residing in the United States who purchased the Products for personal, family, or household use and not for resale during the time period January 21, 2014, through the present date ("Class").

b. All persons residing in the State of California who purchased the Products for personal, family, or household use and not for resale during the time period January 21, 2014,through the present date ("Sub-Class").

23. The Class comprises many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court. The Class is sufficiently numerous because millions of units of the Products have been sold in the United States and State of California during the time period January 19, 2014, through the present (the "Class Period").

24. There is a well-defined community of interest in this litigation and the class is easily ascertainable:

a. <u>Numerosity</u>:  The members of the class are so numerous that any form of joinder of all members would be unfeasible and impractical.  On information and belief, Plaintiff believes the Class and Sub-Class exceed thousands of members.

b. <u>Typicality</u>:  Plaintiff is qualified to and will fairly and adequately protects the interests of each member of the class with whom they have a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the class.

c. <u>Adequacy</u>:  Plaintiff does not have a conflict with the class and is qualified to, and will fairly and adequately protect the interests of each member of the class with whom they have a well- defined community of interest and typicality of

**COMPLAINT**

claims, as alleged herein.  Plaintiff acknowledges that they have an obligation to the Court to make known any relationship, conflict, or differences with any member.  Plaintiffs' attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

d. <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

25.    There exist common questions of law and fact that predominate over questions that may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a. Whether DEFENDANTS' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b. Whether DEFENDANTS' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

c. Whether DEFENDANTS made false and misleading representations in their advertising and packaging of the Products;

d. Whether DEFENDANTS knew or should have known that the representations were false;

e. Whether DEFENDANTS represented that the Products has characteristics, benefits, uses, or quantities which the Product does not have;

f. Whether DEFENDANTS representations regarding the Products are false;

g. Whether DEFENDANTS warranted the Products;

h. Whether DEFENDANTS breached the express warranties it made;

**COMPLAINT**

i.  Whether DEFENDANTS committed statutory and common law fraud by doing so; and

j.  Whether DEFENDANTS' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

26.   Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

27.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of DEFENDANTS' false representations, statements, and advertising. Indeed, Plaintiff purchased the Product based on DEFENDANTS'S representations and statements contained on its labeling. Plaintiff relied on DEFENDANTS' packaging and/or website and would not have purchased the Product if she had known that the Product did not have the characteristics, ingredients, uses, benefits, or quantities as represented.

28.   A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually.

29.   The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by DEFENDANTS' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

**COMPLAINT**

30.     DEFENDANTS have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for DEFENDANTS.

31.     Absent a class action, DEFENDANTS will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and DEFENDANTS will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

32.     Excluded from the class are DEFENDANTS in this action, any entity in which DEFENDANTS have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of DEFENDANTS.

33.     Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

34.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

//

//

**COMPLAINT**

## FIRST CAUSE OF ACTION

Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq.
By Plaintiff and Proposed California Class against DEFENDANTS

35.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

36.    Plaintiff and Class are "consumers" as defined by Cal. Civ. Code § 1761(d) and the Product is a "good" as defined by Cal.Civ.Code § 1761(a).

37.    The California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. And, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell them as advertised".  DEFENDANTS's claims that the Products are 'natural' by making the statements "Natural" and "100% naturally sourced sunscreens", which are misleading since it contains artificial or synthetic ingredients and therefore violates Cal. Civ. Code § 1770(a)(5), (7), and (9).

38.    DEFENDANTS' ongoing deliberate manipulation of violates the following subsections of Cal. Civ. Code §1770(a) in these respects:

a.    DEFENDANTS' acts and practices constitute misrepresentations concerning characteristics, benefits or uses, which it does not have;

b.    DEFENDANTS misrepresented that is of a particular standard, quality and/or grade, when they are of another;

14

## COMPLAINT

c.     DEFENDANTS' acts and practices described herein constitute the advertisement of DEFENDANTS' Products without the intent to sell them as advertised;

d.     DEFENDANTS's acts and practices constitute representations that DEFENDANTS Products have been supplied in accordance with previous representations when it has not.

39.     Plaintiff and the proposed Sub-Class of California class members suffered injuries caused by DEFENDANTS because they would not have purchased DEFENDANTS Products if the true facts were known concerning its false and misleading regarding its "natural" claims, statements and representations.

40.     On or about January 20, 2018, prior to filing this action, a notice letter was served on DEFENDANTS.  Plaintiff served the letter on DEFENDANTS advising DEFENDANTS that it is in violation of the CLRA, demanding remedies for Plaintiff and class members pursuant to California Civil Code §1782(a).

41.     Plaintiff seeks injunctive relief only for this violation of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA pursuant to California Civil Code §1780(a)(3).

## SECOND CAUSE OF ACTION
Violation Of California Business & Professions Code §§17500, et seq.
Plaintiff and Proposed California Class against DEFENDANTS

42.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

43.     Pursuant to California Business & Professions Code §§ 17500, et seq., it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal

**COMPLAINT**

property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

44.    DEFENDANTS committed acts of false advertising, as defined by §17500, by making claims that the Products are "natural", which are misleading based on the fact it contains artificial or synthetic ingredients.

45.    DEFENDANTS knew or should have known, through the exercise of reasonable care that DEFENDANTS' representations and statements that its Products are "natural" were/are false, untrue and misleading to Plaintiff and class members.

46.    DEFENDANTS'S actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

47.    Plaintiff and the Proposed California Class lost money or property as a result of DEFENDANTS' false advertising violations, because Plaintiff and Proposed California Class would not have purchased DEFENDANTS' Products if the true facts were known concerning its quality and contents.

48.    Plaintiff and Proposed California Class paid a premium for DEFENDANTS Products due to their reliance on DEFENDANTS'S good faith and reputation and upon DEFENDANTS' promises and representations.

**THIRD CAUSE OF ACTION**
Breach of Express Warranty
By Plaintiff and Proposed Nationwide Class against DEFENDANTS

49.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.    Plaintiff brings this claim individually and on behalf of the proposed Class against DEFENDANTS.

16

**COMPLAINT**

51.    DEFENDANTS, as the designer, manufacturer, marketer, distributor, and/or seller, made express statements or representations of fact or promise concerning the Products. These representations, promises were part of the basis of the bargain, wherein Plaintiff and other Class members purchased the DEFENDANTS' Products in reasonable reliance on those statements or representations.

52.    DEFENDANTS' Products is not fit for such purposes because each of the express warranties that the Products are "Natural" and "100% naturally sourced sunscreens".

53.    DEFENDANTS' breach of express warranty is the direct and proximate cause of Plaintiff and Proposed Nationwide Class members that have been injured and harmed because they would not have purchased DEFENDANTS Products on the same terms if the true facts were known concerning its 'natural' claims regarding the Products since it did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

54.    As a proximate result of this breach of warranty by DEFENDANTS, Plaintiff and the Class have suffered damages in an amount to be determined at trial.


**FOURTH CAUSE OF ACTION**
Violations of California Commercial Code § 2313
By Plaintiff and Proposed California Class against DEFENDANTS

55.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

56.    DEFENDANTS made statements, representations, and affirmations of fact or promises, or descriptions of goods carrying health and wellness claims regarding the Products.  Plaintiff and other Class members reasonably relied on DEFENDANTS'

**COMPLAINT**

statements and representations regarding the Product at the time of purchasing the

Products. California Commercial Code §2313(1).

57.    DEFENDANTS breached its express warranties by selling products and

goods that are not "natural" since the Products contain artificial or synthetic ingredients

as identified herein above.

58.    DEFENDANTS' breached was the actual and proximate cause of the injury

to Plaintiff and Class members in the form of money that was paid in exchange for the

Products.

59.    Plaintiff seeks damages on behalf of herself and other Class members as a

result of DEFENDANTS' breaches of express warranty.

## FIFTH CAUSE OF ACTION
Fraud
Plaintiff and Proposed Nationwide Class against DEFENDANTS

60.    Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

61.    Plaintiff brings this claim individually and on behalf of the proposed Class

against DEFENDANTS.  PLAINTIFF purchased the Products that are the subject of this

complaint from 2014 to 2015 from retail stores located in Orange County and San

Bernardino County including CVS locations.  Prior to purchasing the Products, Plaintiff

saw and read the front of the product packaging, and relied on the representation and

warranty that the product would "Natural" and "100% naturally sourced sunscreens" on

the face of its Products.  Plaintiff understood these representations to mean that Products

did not contain synthetic or artificial chemicals.  Plaintiff purchased the Products at a

substantial price premium, and would not have bought the product had she known that

the labeling she relied on was false, misleading, deceptive and unfair. Plaintiff would

**COMPLAINT**

purchase the Products again in the future if Defendant changed the composition of the Products so that they conformed to their "natural" labeling and marketing.

62.    As discussed above, DEFENDANTS provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about DEFENDANTS' Products.

63.    DEFENDANTS misrepresented the 'natural' claims related to the Products.

64.    These misrepresentations and/or omissions were made by DEFENDANTS with knowledge of their falsehood.

65.    The misrepresentations and/or omissions made by DEFENDANTS, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase DEFENDANTS' Products.

66.    The fraudulent actions of DEFENDANTS caused damage to Plaintiff and Class members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

### SIXTH CAUSE OF ACTION
Violation California Business & Professions Code §§ 17200, et seq.
By Plaintiff and Proposed California Class against DEFENDANTS

75.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

76.    Plaintiff brings this claim individually and on behalf of the proposed Sub-Class against DEFENDANTS.   DEFENDANTS are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

19

**COMPLAINT**

77.     Plaintiff and consumers have relied on DEFENDANTS' representations, statements, and claims concerning their Products that have resulted in injury to Plaintiff and consumers that could have been resulted.  Plaintiff and consumers would not have purchased the Products and not been subject to losses incurred directly caused by DEFENDANTS and as a result of their untrue, misleading, and/or false statements, representations, and/or claims.

78.     DEFENDANTS has/had knowledge that its "natural" claims are false or misleading as a result the Products contains artificial or synthetic ingredients.

<u>Unlawful Acts and/or Practices</u>

79.     A violation of any law also constitutes an unlawful business practice pursuant to California Business and Professions Code §17200, et seq.

80.     DEFENDANTS violated the same Acts as a result of violating False Advertising Law ("FAL"), California Business and Professions Code §§17500, et seq., The Consumers Legal Remedy Act ("CLRA"), Cal. Civ. Code §§1750, et seq., and California Commercial Code §§2313 and 2314 ("CC"), as herein referenced in the preceding First, Second, Third, and Fourth Causes of Action.

81.     DEFENDANTS' conducts violates section 5 of the Federal Trade Commission ("FTC") Acts, 15 U.S.C. §45 ("FTC"), which prevents unfair methods of competition and unfair and deceptive acts and/or practices affecting commerce.  In the same manner, DEFENDANTS violated FAL and CLRA by representing the Products are "Natural" and "100% naturally sourced sunscreens", DEFENDANTS have also violated section 5 of the Federal Trade Commission ("FTC") Acts, 15 U.S.C. §45 as a result of the fact the Products contain synthetic and artificial ingredients.

82.     DEFENDANTS' conduct also violates Cal. Health & Safety Code §111765 ("H&S") which prohibits the sale of misbranded cosmetic items. The Products are

**COMPLAINT**

misbranded because DEFENDANTS claim that the Products are "Natural" or "100% naturally sourced sunscreens" when they contain synthetic and artificial ingredients.

83.    As a result of violating FAL, CLRA, FTC, H&S and CC, DEFENDANTS have engaged in unlawful business acts or practices and therefore violated California Business and Professions Code §17200, et seq.

Unfair Acts and/or Practices

84.    DEFENDANTS' acts or practices are oppressive, unethical, immoral, unfair conduct to consumers constitutes and violated established policies. DEFENDANTS representations and claims that the Products are "Natural" and "100% naturally sourced sunscreens" when they contain synthetic and artificial ingredients are false and untrue.

85.    DEFENDANTS's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. DEFENDANTS' conduct constitutes an unfair violation because DEFENDANTS conduct is unethical, unscrupulous, and injurious to consumers given the false and misleading labeling. The harm is substantial given significant given false claims and representation which caused harm to the Plaintiff and class members.

86.    DEFENDANTS have specific knowledge that its 'natural' related claims such as "Natural" and "100% naturally sourced sunscreens" are false and misleading, but continued to market the DEFENDANTS' Products with the intent of making substantial profits.

87.    DEFENDANTS' conduct is also unfair given the huge profits derived from the sale of the DEFENDANTS Products at the expense of consumers as a result of the false and misleading advertising claims.  DEFENDANTS have engaged and continue to

**COMPLAINT**

engage in conduct that violates established policies of FAL, CLRA, Health & Safety Code, Fraud, Commercial Code, which have allowed DEFENDANTS gain an unfair advantage over its competitors whose advertising and representations comply with the law.

Fraudulent Acts and/or Practices

88.     DEFENDANTS violated the "fraudulent" prong of the UCL by making false statements, untruths, and misrepresentations about health and wellness claims relating to its Products, as described herein this complaint, which are likely to deceive reasonable consumers and the public.

89.     Plaintiff, the Class, and the Subclass lost money or property as a result of DEFENDANTS's UCL violations because they would not have purchased DEFENDANTS'S Products or paid the premium price, if the true facts were known concerning its false representations and claims.

90.     DEFENDANTS' business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this state.  Further, any justification for DEFENDANTS' wrongful conduct is outweighed by the adverse effects of such conduct.

91.     Plaintiff, the Class, and Sub-Class members could not reasonably avoid the harm caused by DEFENDANTS' wrongful practices. Assuming, arguendo, that DEFENDANTS' practices are not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be-tethered to the public policies expressed therein. Thus, DEFENDANTS engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

**COMPLAINT**

92.    Plaintiff, the Class, and the Sub-Class are entitled to restitution and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against DEFENDANTS, as follows:

a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure

b. Plaintiff as the representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent members of the Class and Subclass;

c. For an order declaring the DEFENDANTS' conduct violates the statutes and laws referenced herein;

d. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

e. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f. For prejudgment interest on all amounts awarded;

g. For an order of restitution and all other forms of equitable monetary relief;

h. For injunctive relief as pleaded or as the Court may deem proper; and

i. For an order awarding Plaintiff, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

**COMPLAINT**

1
## **DEMAND FOR TRIAL BY JURY**

2
Plaintiff demands a trial by jury of all issues so triable.

3

4
Respectfully submitted,

5

6
Dated: January 20, 2018                    **NATHAN & ASSOCIATES, APC**

7

8
                                   By:    */s/ Reuben D. Nathan*

9
                                          Reuben D. Nathan, Attorney for
                                          Plaintiff, PAIGE HERNANDEZ
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
## **COMPLAINT**

28